**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

IRIS JULIANA ALVARENGA DE VARGAS,

Petitioner,

v.

FERETI SEMAI, et al.,

Respondents.

No. 5:26-cv-05712-AYP

**ORDER GRANTING PETITION AND ISSUING WRIT FOR HABEAS CORPUS**

## I. SUMMARY

Petitioner Iris Juliana Alvarenga de Vargas (A#246-159-746) ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1 ("Petition")). Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in Adelanto, California.

Having reviewed the record, and consistent with several recent decisions by this Court and in this District, the Court concludes that Petitioner's detention on April 13, 2026, violates due process. Accordingly, the Court ORDERS that the Petition be granted, and a writ of habeas corpus be issued requiring Petitioner's immediate release and prohibiting future re-detention absent adequate pre deprivation notice and an

individualized hearing.

## II. FACTUAL AND PROCEDURAL HISTORY

Petitioner Iris Juliana Alvarenga De Vargas (A# 246-159-746) ("Petitioner") is a native and citizen of Nicaragua. (Pet. ¶ 1.) She entered the United States on December 7, 2022, and was encountered by U.S. Border Patrol. *Id.* On December 12, 2022, Petitioner was paroled and remained at liberty under the supervision of the Department of Homeland Security ("DHS"). *Id.* Petitioner's release was contingent upon her enrollment and successful participation in an Alternatives to Detention ("ATD") program where she was required to submit a photo of herself every week through a mobile monitoring app. (Pet. ¶ 25.) Over the course of three years, Petitioner states that she never missed an appointment and complied with all her conditions of release. (Pet. ¶ 2.) Respondents granted Petitioner an employment authorization that is valid from October 7, 2024, to October 6, 2029. *Id.*

On April 10, 2024, Petitioner filed for asylum, withholding of removal, and protection under the Convention Against Torture which remains pending. (Pet. ¶ 29.) Petitioner asserts that she has no criminal history of any kind and Respondents records also reflect no gang affiliation or prior criminal history. (Pet. ¶ 30.)

On April 13, 2026, Petitioner asserts that she reported to the ICE Los Angeles Field Office as she was directed. (Pet. ¶ 31.) There she was arrested at her appointment. *Id.* Petitioner states no warrant or notice was given to her identifying any violation or change in her case. (Pet. ¶ 32.)

After her arrest, Petitioner was served a Notice to Appear charging her as inadmissible and "an alien present in the United Staes who has not been admitted or paroled" after an inspection by an Immigration Officer.

(Pet. ¶ 34.) Petitioner asserts this is contradicted by Respondents' own parole records and the I-213. (Pet. ¶¶ 28, 34.)

Petitioner acknowledges that a prior habeas petition was filed on April 29, 2026. *Alvarenga de Vargas v. Mullin,* No. 5:26-cv-02242-AYP (C.D. Cal.). This Court granted Petitioners Temporary Restraining Order ("TRO") and ordered an individualized bond hearing under 8 U.S.C. § 1226(a) within seven days, at which the Government would bear the burden of proof by clear and convincing evidence. *Id.*

On September 17, 2026, the Court relieved and sanctioned Petitioner's prior counsel and referred him to the State Bar of California. (Pet. ¶ 48.) Petitioner's request to voluntarily dismiss the Petition without prejudice was granted. *Id.*

On May 20, 2026, Petitioner asserts that a custody redetermination was held before an immigration judge. However, Petitioner was not present at her own hearing. (Pet. ¶ 41.) Petitioner asserts that she and another detainee were locked in a bathroom for an hour. *Id.* When she was brought back into the courtroom, she was told the hearing already occurred. *Id.* Petitioner asserts she never addressed the immigration court. *Id.* Petitioner also challenges the reasoning underlying the bond determination. Petitioner learned of the decision by the IJ three days later when her sister reached someone at her prior counsels' firm. (Pet. ¶ 46.) Petitioner learned that her attorney never advised her of her right to appeal the bond determination and, as such, she never appealed. *Id.* Petitioner's removal proceedings remain pending.[1]

---

[1]Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of ICE's Online EOIR Automated Case Information System which indicates that her case is pending. *United States v. Vlha*, 142 F.4th 1194, 1200 n.2 (9th Cir.) ("Reports of government agencies are subject to judicial notice."), cert. denied, 146 S. Ct. 625 (2025); *Jupiter v.* (cont'd . . .)

Petitioner asserts Procedural and Substantive Due Process violations under the Fifth Amendment. (Pet. at 14–16.) Petitioner asserts that she was not provided proper notice of the bond hearing and the underlying detention determination relied upon by the IJ was incorrect. *Id.* Petitioner further argues that she is a § 1226(a) detainee and entitled to a pre-deprivation proceeding prior to her arrest. *Id.* at 17. She was wrongfully detained without notice and without an opportunity to respond and denied a determination by a neutral decisionmaker before incarcerating her. *Id.* The arresting officer's only explanation was "orders of the new administration." (Pet. ¶ 32.) Petitioner argues that Respondents failed to make a determination as to whether Petitioner is a flight risk or danger to the community when she was detained. (Pet. at 16.) Being detained for over five months without notice or an initial determination of whether she is a flight risk violate her due process rights and § 1226(a). A bond hearing conducted in absentia does not cure the due process violation and therefore the only remedy is release. *Id.*

Respondents assert that the Petition is Petitioner's second habeas petition. (Dkt. No. 8 ("Answer").) Petitioner filed a previous petition for writ of habeas corpus seeking her release from immigration detention. *Iris Juliana Alvarenga de Vargas v. Mullin, et al.*, No. 5:26-cv-02242-AYP ("*Alvarenga I*"). *Id.* at 2. On May 14, 2026, this Court granted Petitioner's prior Temporary Restraining Order ("TRO") and ordered that Petitioner be provide with a bond hearing within seven (7) days. (Order Granting TRO, *Alvarenga I,* (C.D. Cal May 13, 2026), Dkt. No. 12.) Petitioner was provided a bond hearing on May 20, 2026, and proof of the bond hearing was provided. (Status Report, *Alvarenga I,* (C.D. Cal May 20, 2026), Dkt.

---

*McAleenan*, 2020 WL 4919712, *2 n.1 (C.D. Cal. 2020) (taking judicial notice of ICE's Fiscal Year 2019 Enforcement and Removal Operations report).

No. 14.) Petitioner then withdrew her petition in *Alvarenga I,* following her prior counsel's alleged inadequate assistance of counsel in *Alvarenga I.* (Request to Withdraw Habeas, *Alvarenga I,* (C.D. Cal Aug. 24, 2026), Dkt. No. 21; Pet. ¶ 47.)

On September 27, 2026, Petitioner filed the present Petition challenging her continued detention stating that Petitioner admits it is an "identical" petition. (*See* Pet.) Respondents assert that the proper remedy is for Petitioner to appeal to the Board of Immigration Appeals ("BIA") the outcome of the bond hearing and not a successive identical habeas petition. (Ans. at 2.) They further argue, Petitioner has not exhausted her administrative remedies particularly since she is at the "eve of being eligible for a *Rodriguez* bond hearing." *Id.* Respondents state that the IJ found Petitioner to be a flight risk and that the correct legal standard was applied. *Id.* Respondents state that Petitioner "has draped her challenge to the immigration judge's bond determination in constitutional cloth" and Petitioner should exhaust her administrative remedies. *Id.* at 8.

Respondents assert that Petitioner's Fifth Amendment claims have already been addressed by her bond hearing and that the Court lacks jurisdiction to review the immigration judge's decision to deny bond. *Id.* If the Court is inclined to any remedy, then it should be a § 1226(a) bond hearing. Respondents submit Petitioner's I-213 form and the Order of the Immigration Judge on May 20, 2026. (Ans., Exs. A & B.)

Petitioner asserts in the Reply that *Alvarenga I* was dismissed without prejudice on September 17, 2026, and the Court did not make a determination on the merits. (Dkt. No. 10 ("Reply").) Instead, the Court granted Petitioner's voluntary dismissal without prejudice, relieved counsel, sanctioned him, and referred him to the State Bar of California. *Id.* at 4.

Petitioner further argues that Respondents do not refute Petitioner's facts. *Id.* Respondents do not dispute Petitioner was not provided notice prior to her detention. *Id.* A subsequent bond hearing does not cure the due process violations. *Id.* Petitioner further argues that Respondents' own documents do not support their contentions, challenging the factual findings by the immigration judge at the bond hearing. *Id.* Petitioner asserts that the administrative remedies no longer exist because the time has passed to appeal the bond determination due to the prior counsel's failure to represent Petitioner effectively. *Id.* at 10–11. The Petitioner notes that this Court found prior counsel to have "failed to effectively represent the Petitioner, putting at risk her freedom from detention." *Id.* Accordingly, the facts warrant unusual and exceptional circumstance to circumvent any exhaustion of administrative remedies in this case and warrants release based upon due process violations. *Id.*

On November 4, 2026, Petitioner filed a Notice that Petition is Fully Briefed and Ready for Decision. (Dkt. No. 11.)

The parties have voluntarily consented to have a Magistrate Judge conduct all further proceedings in this case. (Dkt. No. 4.) The matter is fully briefed.

## III. DISCUSSION

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. *See* 28 U.S.C. § 2241(c)(3). Due process, which extends to noncitizens

present in the United States, prohibits deprivations of life, liberty and property without due process of law. *See U.S. Const. Amend. V; Trump v. J.G.G.,* 604 U.S. 670, 673 (2025); *Arvydas v. Davis*, 533 U.S. 678, 693-94 (2001). Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

### A. Prior Petition is Not a Successive Petition to Bar Relief in This Petition

A federal court may grant a writ of habeas corpus to a petitioner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although 8 U.S.C. § 1226(e) restricts review of discretionary custody decisions, "it does not limit habeas jurisdiction over constitutional claims or questions of law." *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011). Abuse of the Writ Governing Principles The common-law abuse-of-the-writ doctrine applies to a § 2241 petition challenging immigration detention. *See Barapind v. Reno*, 225 F.3d 1100, (9th Cir. 2000). It "forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Eldridge v. Howard,* 70 F.4th 543, 551 (9th Cir. 2023) (citation omitted).

The question is "whether the petitioner had a full and fair opportunity to raise the claim in the prior application"; a petitioner lacks that opportunity if the claim was not yet ripe or the violation occurred only after the first petition was denied. *See id.* at 552 (citation omitted). *See also Ortega Nunez v. Warden*, Cal. City Det. Ctr., No. 26-4582, 2026 WL 2838426, at *2–3 (E.D. Cal. Sept. 22, 2026) (dismissing immigration habeas petition as abuse of the writ where petitioner's arguments should "have been raised in his earlier petition"). The government must first plead abuse "with clarity and particularity," noting the prior writ history,

identifying the new claims, and alleging abuse. *See McCleskey v. Zant*, 499 U.S. 467, 494 (1991). The petitioner must then show cause for failing to raise the claim earlier and actual prejudice resulting from the errors of which she complains. Cause requires "some objective factor external to the defense," such as official interference or "a showing that the factual or legal basis for a claim was not reasonably available." *Id.* at 493–94 (citations omitted). Absent cause, the omission may be excused only if "a fundamental miscarriage of justice would result from a failure to entertain the claim." *Id.* at 494–95.

In this case, Respondents assert that the claims in *Alvarenga I* are identical to those alleged in the current Petition. (Ans. at 2.) The Court ruled on the TRO on the likelihood of prevailing on the merits but did not reach the ultimate factual and legal basis for the claims. The Court ordered briefing, however, the matter was dismissed without prejudice before the Court ruled on the merits. (Dkt. Nos. 1 and 11.)

Petitioner did not have a full and fair opportunity to adjudicate or raise the claims in *Alvarenga I*. The factual and legal basis the claims were not reasonably available in *Alvarenga I* because this Court found that "[p]prior counsel did not respond to the Court's July 2, 2026 order, did not respond to the Court's August 5, 2026 order, did not respond to the Court's Order to Show Cause, and did not appear at the September 11, 2026 hearing. Ex. J at 2–3. Petitioner herself wrote to the Court asking that counsel be removed and requesting withdrawal of the petition without prejudice so that she could file a new petition with new counsel." (Pet. at 11.)

This Court found prior counsel to have "failed to effectively represent the Petitioner, putting at risk her freedom from detention." *Id.* Taken as a whole and given that *Alvarenga I* was dismissed without prejudice

without an adjudication on the merits, a fundamental miscarriage of justice would result from failing to entertain Petitioner's claims in this Petition. Accordingly, the Court finds the Petition is not a successive petition and ripe for a final determination on the merits.

**B. Due Process Requires a Determination that Detention is Warranted under § 1226(a)**

It appears Respondents concede that Petitioner is a § 1226(a) detainee. (Ans.)

"Section 1226(a) 'sets out the general rule' for 'the arrest, detention, and release' of '[noncitizens] present in the country' 'who are believed to be subject to removal.'" *Orea Ruiz v. Acting Warden, Adelanto Det. Ctr.*, No. 5:26-CV-04807-MBK, 2026 WL 2644102 at *3 (C.D. Cal. Sept. 8, 2026) (quoting *Nielsen v. Preap*, 586 U.S. 392, 396 (2019)). The procedural protections under § 1226(a) and its regulations include, inter alia: (1) a general requirement that arrest of a noncitizen requires an administrative warrant (Form I-200) issued by certain immigration officers, *see* 8 C.F.R. § 236.1(b)3; (2) an initial custody determination by a Department of Homeland Security ("DHS") officer shortly after the outset of detention, in which the noncitizen has the opportunity to "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding," *see* 8 C.F.R. § 1236.1(c)(8); (3) the right to seek review of the officer's initial custody determination through a prompt bond hearing before an IJ based on individualized evidence, wherein the IJ will order release on bond if the noncitizen establishes that they are not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (*quoting Matter of Guerra*, 24 I. & N. Dec.

37, 40 (B.I.A. 2006)); (4) the right to appeal an adverse IJ bond decision to the BIA, *see Rodriguez Diaz*, 53 F.4th at 1197 (citing 8 C.F.R. § 236.1(d)(3)); and (5) the right to "request an additional bond hearing whenever he experiences a material change in circumstances," *Rodriguez Diaz*, 53 F.4th at 1197. *See Orea Ruiz*, 2026 WL 2644102, at *4 (explaining this statutory and regulatory framework of § 1226(a)); *Garcia-Maya*, 2026 WL 1965886, at *4 (listing such § 1226(a) protections); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility,* No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (listing cases where courts have determined such violations of the § 1226(a) requirements to be "a sufficient basis mandating a petitioner's release").

While § 1226(a)'s "extensive procedural protections" arise from the statute and its regulations, they are also grounded in due process principles. The Supreme Court has recognized that due process requires that immigration detention bear a "'reasonable relation'" to a non-punitive purpose. *Arvydas v. Davis*, 533 U.S. 678, 690 (2001) (*quoting Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). There are two permissible non-punitive purposes for detention under the immigration laws: ensuring a noncitizen's appearance at removal proceedings or removal and preventing danger to the community. *Id.* at 690–92. "In the context of immigration detention, it is well settled that due process requires adequate procedural protections to ensure that the government's asserted justification for physical confinement outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017) (citation modified). *See also Padilla v. United States Imig. & Customs Nef'd*, No.24-2801, 2026 WL 2822044, at *16 (9th Cir. Sept. 21, 2026) (recognizing that "the principle that the government cannot arbitrarily detain people,

including noncitizens, has been a central tenet of British and American legal traditions since the thirteenth century" and discussing the history of protections against arbitrary detention applied to noncitizens). Section 1226(a), and its implementing regulations, establish procedures to ensure that the Government only detains noncitizens where it advances its legitimate interests in preventing danger and flight.

Regardless of whether the individual is arrested pursuant to a warrant or DHS's warrantless arrest authority, DHS officers are to conduct an initial custody determination to decide whether to release or detain the person under § 1226. 8 C.F.R. § 236.1(c)(8). Unless the person is subject to mandatory detention under § 1226(c) based on their criminal history, DHS has "the discretion either to detain the alien or to release him on bond or parole." *Nielsen*, 586 U.S. at 396. The DHS officer must release the noncitizen if the noncitizen "demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). DHS utilizes a Notice of Initial Custody Determination, Form I-286, to document its custody determinations. 8 C.F.R. § 236.1(g).

Without an initial custody determination, then, a person could be confined for a prolonged period without any determination that such a profound deprivation of their liberty is actually justified. In light of the critical importance of the procedures available under § 1226(a) at the outset of an individual's detention, numerous courts have recognized that "section 1226(a) requires an individualized custody determination before detention and failure to do so is 'in itself [ ] a violation of [petitioner's] due process rights.'" *Lopez Esteban v. Warden-Facility Adm'r of Nw. Processing Ctr.*, No. 2:26-cv-02548-JHC, 2026 WL 2686824, at *4 (W.D. Wash. Sept.

14, 2026) (quoting *Pastrana-Beltran v. Mullin*, 2026 WL 1398609, at *2 (E.D.N.Y. May 19, 2026) and collecting cases). *See also Occeus v. Warden, California City Detention Facility*, No. 1:26-cv-07057-TLN-SCR, 2026 WL 2858725, at *1 (E.D. Cal. Sept. 23, 2026) ("Petitioner was denied statutory and regulatory protections under § 1226(a) and 8 C.F.R. § 1236.1(d) for a period of months in this case, which constitutes a separate procedural due process violation."); *Angulo-Barbosa v. Blanche, et al.*, No. 2:26-cv-02102-RFBBNW, 2026 WL 2676815, at *2 (D. Nev. Sept. 11, 2026) ("the Court finds Petitioner's detention without notice of an initial custody determination violates Petitioner's right to substantive and procedural due process"); *Rodriguez v. Knight, et al.*, No. 1:26-cv-00505-BLW, 2026 WL 2641448, at *3 (D. Idaho Sept. 8, 2026) ("the Government violated his due process rights by denying him the individualized custody determination required under § 1226(a)"); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026); *J.T.G. v. Genalo*, No. 26-cv-4521-AT, 2026 WL 1724325, at *4 (S.D.N.Y. June 15, 2026); *Curimilma Quille v. Blanche*, No. 26-cv-2818-HG, 2026 WL1453889, at *4 (E.D.N.Y. May 22, 2026).

**C. Petitioner's Detention Was Unlawful Warranting Release**

Petitioner asserts that she was detained without notice or a flight risk assessment. (Pet.) Respondents offer no evidence as to whether a warrant was obtained or if the arresting officers had "reason to believe" that Petitioner was "likely to escape" before a warrant could be obtained.

Petitioner states that she never missed an appointment and complied with all her conditions of release. (Pet.) Petitioner has no criminal history of any kind and Respondents records also reflect no gang

affiliation or prior criminal history. *Id.* On April 13, 2026, Petitioner asserts that she reported to the ICE Los Angeles Field Office and she was arrested at her appointment. *Id.* Respondents fail to assert facts to the contrary.

Petitioner has remained paroled and at liberty since December 12, 2022. (Pet. ¶ 23.) Petitioner filed for asylum, withholding of removal, and protection under the Convention Against Torture which remains pending. (Pet. ¶ 29.) Respondents granted Petitioner a work authorization that is valid until October 6, 2029. *Id.* Respondents have allowed Petitioner to remain at liberty, thus creating a liberty interest to remain free of detention. *See, e.g., Ramirez-Serna v. Mullin*, 2026 WL1514337, at *6-7 (C.D. Cal. May 28, 2026) ("*Ramirez-Serna*"); *see also Panchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberties the government wields significant discretion retain a protected interest in their liberty.") As in *Ramirez-Serna*, the warrantless arrest and detention here violated federal due process. The most appropriate remedy for this violation would be to return Petitioner to the previous status quo by releasing her from detention. *See Ramirez-Serna*, at 7; *Maciel v. Noem*, 2026 WL 496948, at *5 (E.D. Cal. Feb. 23, 2026*); see also Moctezuma v. Henkey*, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (collecting cases and noting respondents' "refusal to abandon their unlawful policy"); *Domingo v. Kaiser*, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) (even if the alien received a "prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm . . . that is, his potentially erroneous detention").

Respondents did not comply with § 1226(a)'s requirements. Thus, Petitioner's detention has been "unlawful from the outset." *Orea Ruiz*,

2026 WL 2644102, at *7; *see Torres Huerta v. Facility Adm'r, Cent. Valley Annex ICE Processing Ctr.*, No. 1:26-cv-04609 (VC), 2026 WL 2751763, at *1 (E.D. Cal. Sept. 16, 2026) (finding that, because respondents "have not argued that Petitioner was provided the process to which she was statutorily entitled to under § 1226(a), or that Petitioner may be a danger to the community or flight risk if released, her continued detention without any kind of custody determination is unlawful"); *Zurita Navarro*, 2026 WL 2294963, at *2 (finding petitioner's detention unlawful where respondents failed to provide a warrant of arrest, to indicate whether an authorized immigration official made an initial custody determination, or to provide the basis for custody or whether petitioner had notice).

### D. The Bond Hearing was Deficient

The Fifth Amendment prohibits the government from depriving any person of life, liberty, or property without due process of law. U.S. CONST. amend. V. To determine what procedural protections due process requires, courts generally consider three factors: (1) the private interest affected by the government action; (2) the risk of erroneous deprivation through the procedures used and the probable value of additional procedural safeguards; and (3) the government's interest, including the fiscal and administrative burden of additional procedures. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Id.* at 333.

In the immigration detention context, the Ninth Circuit has recognized the substantial liberty interest in freedom from prolonged detention and the constitutional limits on the government's detention authority. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022). The procedural safeguards available at immigration bond hearings

include the opportunity to be represented by counsel, present evidence, and challenge continued detention before a neutral decisionmaker. *Id.* at 1197. Without adequate advance notice of the hearing, a detainee may be unable to meaningfully exercise these protections.

To ensure a meaningful opportunity to be heard, due process requires notice reasonably calculated, under the circumstances, to inform interested parties of the proceeding and afford them an opportunity to present their objections. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Notice must reasonably convey the required information and afford interested parties sufficient time to appear. *Id.* The Ninth Circuit has similarly recognized that the due process requires notice sufficient to advise noncitizens of pending proceedings and afford them an opportunity to present objections. *Khan v. Ashcroft*, 374 F.3d 825, 829 (9th Cir. 2004). Due process also guarantees noncitizens of full and fair hearing and a reasonable opportunity to present evidence on their behalf. *Id.* at 829–30.

Under *Mullane*, constitutionally adequate notice must afford interested parties sufficient time to appear and present objections. 339 U.S. at 314. Likewise, *Rodriguez Diaz* identifies representation by counsel and the opportunity to present evidence among the procedural safeguards available at immigration bond hearings. 53 F.4th at 1197. When a hearing proceeds without adequate notice to the detainee or retained counsel, those safeguards may be rendered ineffective.

Respondents assert that Petitioner's due process claims have already been addressed by her bond hearing and that the Court lacks jurisdiction to review the immigration judge's decision to deny bond. (Ans. at 11.) Respondents, however, do not address Petitioner's claim that she was not afforded the opportunity to participate in the bond proceedings

because she was locked in a bathroom and did not participate in the Court ordered bond hearing. (Pet. ¶ 41.) Petitioner claims the bond hearing occurred in absentia. (Dkt. Nos. 1 & 10) The lack of notice and participation in the proceeding ordered by this Court is not addressed by the Respondents. Given this uncontested fact, Petitioner was not afforded a meaningful opportunity to challenge her continued detention.

**IV. RELIEF**

"In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013); *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."); *see also Perera v. Jennings*, 598 F. Supp. 3d 736, 742 (N.D. Cal. 2022) ("Declaratory and injunctive relief are proper habeas remedies.").

Here, the Court agrees with Petitioner that the remedy Respondents offer, a belated bond hearing before an immigration judge, is inadequate to remedy the constitutional violations. Moreover, Respondents failed to present evidence to refute Petitioner was denied an opportunity to participate in the bond hearing ordered by this Court. Hence, another bond hearing will not and does not address all of Petitioner's claims. *Id.* Petitioner did not pose a flight risk, was not provided notice and the hearing she did receive was inadequate. Therefore, the months of detention violates her federal constitutional rights. The relief for the violation of the Petitioner's constitutional rights is release from custody.

**V. CONCLUSION**

For the foregoing reasons, IT IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Iris Juliana Alvarenga de Vargas (A# 246-159-746) immediate release and restoration of liberty to the conditions existing

prior to April 13, 2026, along with her personal belongings, including her identification, passport, work permits, and other documentation, and preventing her re-detention absent pre-deprivation notice and a constitutionally adequate pre-deprivation hearing at which the Government must justify the need to confine her prior to her re-detention; and (3) the parties shall file a joint status report no later than seven (7) days from the date of this Order confirming that Petitioner has been released from Respondents' custody.

IT IS SO ORDERED.

DATED: November 25, 2026

HON. ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE